### THOMAS SAUNDERS *vs.* ELIZABETH ROBINSON.

Where the relation of landlord and tenant does not exist, a party entitled to the pos-
session of lands or tenements cannot maintain the summary process by complaint,
provided by the Rev. Sts. *c.* 104, in cases of forcible entry and detainer, unless there
has been an actual forcible entry or detainer, by violence or threats of violence in
taking or keeping possession, or some act or threat of force adapted to alarm the
party, or deter him, from apprehension of forcible resistance. Such complaint is
not sustained by proof of a mere unlawful entry into a house, after the owner has
forbidden such entry, and a refusal to leave it, after repeated orders to leave it,
without proof of the use of any violence or threats of violence, or any show of a
determination forcibly to make the entry, or forcibly to resist the entry of the
owner.

THIS was a complaint, originally brought before a justice of
the peace, on the Rev. Sts. *c.* 104, for forcible entry and de-
tainer of a dwellinghouse in Lynn. On the trial in the court of
common pleas, the defendant claimed title to the premises in
question. The plaintiff gave evidence that the house was mort-
gaged to him by Henry Breed, that the mortgage was fore-
closed, and that he received possession under a writ of *habere
facias.*

Andrew Breed testified, that he was the plaintiff's agent to
take care of said house and collect the rents ; that in December
1840, a part of the house was vacant, and the defendant, about
that time, twice asked him to let that part of the house to her,
which he declined to do ; that he, on the 29th of said December,
saw a teamster putting furniture into the house, and directed him
to desist, and to take out what he had put in ; that he then en-
tered the house and met the defendant in the entry ; that she
then said the furniture was hers and that she " was going to oc-
cupy the house ; " that he forbade her to remain in the house,
and ordered her to leave it, and to take out her furniture ; that
she thereupon said she " had a right there, and she and her fur-
niture should both stay there " ; that he then repeated his orders
to her and to the teamster, and told her that if she remained
there, she would remain as a trespasser ; that he afterwards
went to the house, and the defendant said, if he would let her
stay a little while, she would leave the house ; that he refused to

give her any permission, and ordered her to quit; that she thereupon said she had consulted counsel, and had a right to stay in the house, and she would stay; that he called again on the defendant, in January 1841, and understood her to say she would quit peaceably on the first of April; that he did not then agree to let her stay, but directed her to leave immediately : That he called on the defendant on the first of April, and ordered her to quit, and that she then answered, that she had consulted counsel, and should continue to hold the house; that he replied, she was lucky in being a woman, or he would put her out of the house; and she rejoined, that she should like to see him do it.

The witness further stated, that he did not touch the defendant nor her furniture, and that she did not touch nor threaten him, nor order him to go out of the house.

It was not suggested by the plaintiff, that the relation of land-lord and tenant existed between him and the defendant.

The judge, who tried the cause, ruled that the plaintiff, under the foregoing evidence, could not maintain his complaint; and he instructed the jury, " that the summary process, here instituted by the plaintiff, could not be maintained in the absence of all relation of landlord and tenant between the parties, unless there was evidence of an actual forcible entry or detainer by violence, or threats of violence, in taking or keeping possession, or some act or threat of force, calculated to alarm the plaintiff or his agent, or deter him, from apprehension of forcible resistance; and that there was no such evidence of force here, in taking or keeping possession, as would sustain the complaint."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions to the above ruling and instructions of the judge.

*Roberts & Ward*, for the plaintiff.

*Hallett*, for the defendant.

SHAW, C. J. This suit was commenced by a summary process, by way of complaint before a justice of the peace, for forcible entry and detainer, on the Rev. Sts. *c.* 104, § 2. It comes before this court on exceptions to the directions of the court of common pleas, on a trial before that court; and the only question is, whether those directions were right.

The revised statutes on this subject, although they enlarged, to some extent, the provisions of the old statutes, and rendered them more definite, were never intended to substitute this summary process of complaint before a magistrate, for a regular action to try a question of title. We think, as the statute now stands, it provides for three cases, well defined : First, where a tenant, whose term or right of possession has expired, holds possession, without right; secondly, where any forcible entry shall have been made ; or thirdly, where any entry shall have been made in a peaceable manner, and the possession shall be unlawfully held by force. In either of these cases, the process will lie ; but one of them must exist, to maintain it.

The bill of exceptions, in the present case, shows the instructions of the court in matter of law, and enough of the evidence to show the application of those instructions. The court instructed the jury, that this summary process could not be maintained, in the absence of all relation of landlord and tenant, unless there was evidence of an actual forcible entry, or detainer, by violence, or threats of violence, or some act or threat of force, calculated to alarm the complainant or his agent, or deter him, from apprehension of forcible resistance ; and that there was no such evidence of force here, in taking or keeping possession, as would sustain the complaint. The former part of this direction we think was a precise and accurate statement of the law of the case, adapted to enable the jury to pass upon the evidence, and all that the evidence in the case called for. A mere unlawful entry into lands, though it would justify the common averment of *vi et armis*, or force and arms, is not the forcible entry contemplated by the statute. It must be something more, either an original entry or subsequent detainer, with strong hand ; and this may be by the use of actual force and violence, or by menace of force, accompanied by arms and a manifest intent to carry such threat into effect, or by a show of force, calculated to create terror and alarm, by an exhibition of arms, a display of numbers, or other means manifesting an open and visible determination forcibly to make the entry, or forcibly to resist the entry of another. These principles were

well and concisely stated in the charge of the court. See 1 Hawk. *c.* 64, §§ 25 – 30. 1 Russell on Crimes, (1st ed.) 414 – 418. The latter part of the charge was a remark upon the force and effect of the evidence, which was a question of fact for the jury, and by which they were not bound, because it embraced no direction in matter of law. Perhaps it would have been more regular and conformable to the well known distinction between the relative powers and duties of the court and the jury, to have left it to the jury, on the evidence, whether any such forcible entry or forcible detainer was proved. At the same time, it is proper to add, that as far as the evidence appears, (and the bill of exceptions purports to state the whole of it,) we are fully satisfied that there was no evidence, upon which the jury could have found a different verdict, from that which they did find.

It was contended in the argument, that there was evidence, upon which the jury might have found that the relation of landlord and tenant existed. We can perceive no such evidence. It seems that the defendant entered when the premises were vacant, without and against the consent of the landlord or his agent, and that the latter, after he knew it, at every interview with her, expressed his dissent, and required her to leave the premises. But, if the complaint proceeded upon that branch of the statute — which does not appear — and if, the plaintiff wished to submit it to the jury on that ground, he should have raised the point at the trial, and aske the direction of the court upon it. This point not having been taken at the trial, we think it cannot now be taken at the argument, upon evidence reported for another and distinct purpose.

*Exceptions overruled.*